STATE *v.* HUGHES.

defendant's motion to remove as a matter of right is properly denied.  G.S. 1-82.

**2.  Venue § 4b—**

A motion to remove for the convenience of parties and witnesses is addressed to the discretion of the court.

APPEAL by defendant Thurman Smith from *Olive, J.,* 18 March, 1957 Civil Term, GUILFORD Superior Court (High Point Division).

This is a civil action to recover damages for personal injury.  The defendant Thurman Smith made a motion to remove the cause to Forsyth County for trial as a matter of right upon the grounds (1) the injury occurred in Forsyth or Davidson County, (2) the plaintiff resides in Davidson County, the defendants reside in Forsyth County.  The defendant also asked that the cause be removed to Forsyth County for convenience of parties and witnesses.

Upon the evidence offered by affidavit, the court found as a fact that the defendant Richard Stafford, at the time suit was brought and process served, was a resident of Guilford County.  The court denied the motion to remove.  From the refusal, the defendant Thurman Smith appealed, assigning errors.

*J. F. Motsinger for defendant Thurman Smith, appellant.*
*J. W. Clontz for plaintiff, appellee.*

---

### STATE v. ROBERT HUGHES.

#### (Filed 8 May, 1957.)

APPEAL by defendant from *Rousseau, J.,* at 22 October, 1956 Criminal Term of GUILFORD.

Criminal prosecution upon a warrant issued out of Municipal County Court, Criminal Division, of Guilford, charging that defendant "did unlawfully, willfully drive a vehicle upon the highway while under the influence of intoxicating liquor and narcotic drugs," etc.

The case was first tried in said County Court when and where he was found guilty, and sentenced to 4 months on roads, suspended upon payment of $100.00 and costs. Defendant appealed therefrom to Superior Court.

Upon trial in Superior Court the State offered the testimony of an officer tending to support the charge against defendant. On the other hand, defendant testified, and offered testimony of another tending to challenge the probative force of the evidence offered by the State. The case was then submitted to the jury under charge of the court.

Verdict: Guilty as charged.

Judgment: That defendant be confined in common jail of Guilford County for a period of four months and assigned to work on the roads under supervision of the State Highway and Public Works Commission, as provided by law.

Defendant excepted thereto, and appeals therefrom to Supreme Court and assigns error.

*Attorney-General Patton and Assistant Attorney-General Love for the State.*

*Elreta Melton Alexander for Defendant Appellant.*

PER CURIAM. In this Court defendant appellant does not challenge the sufficiency of the evidence offered upon trial in Superior Court to take the case to the jury on the charge made, and to support the verdict rendered. Assignment III relating to denial of motions for judgment as of nonsuit is not discussed in brief.

And while the record of case on appeal shows that defendant took many exceptions to questions asked, and remarks made by the presiding judge in the course of the trial, it is apparent that neither the questions nor the remarks cast any reflection upon defendant, or deprived him of fair representation in the trial. It is clear that the court was trying to expedite in normal way a trial pervaded with dilatoriness. The manner in which the trial was conducted fails to show prejudicial error in any respect.

Moreover, a contextual reading of the charge indicates that the case was presented to the jury in adequate and understandable language, free from harmful error.

Hence in the judgment from which appeal is taken there is

No error.